**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CARLOS JORGE HINOJOSA** | § | |
| | § | |
| **V.** | § | **A-11-CA-983 LY** |
| | § | |
| **WARDEN CLAUDE MAYE, FCI** | § | |
| **BASTROP** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are: Petitioner's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(Clerk's Docket No. 1); the Government's Response (Clerk's Docket No. 39); and Petitioner's Reply Brief (Clerk's Docket No. 40).  After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the Magistrate Court now issues the following Report and Recommendation to the District Court.

**I.  BACKGROUND**

On October 16, 2003, Petitioner Carlos Jorge Hinojosa ("Hinojosa") was charged in a 45 count indictment in the Southern District of Texas with conspiracy to commit securities fraud in violation of 18 U.S.C. § 371 (Count 1), securities fraud in violation of 15 U.S.C. §§ 77q(a) and 77x as well as aiding and abetting the same in violation of 18 U.S.C. § 2 (Count 2), wire fraud in

violation of 18 U.S.C. §§ 2 and 1343 (Counts 3-6), mail fraud in violation of 18 U.S.C. §§ 2 and 1341 (Counts 7-30) and money laundering in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(A)(I) (Counts 31-45).  *See* Docket # 1 in *United States v. Hinojosa, et al*, No. 7:03-CR-01010 (S.D. Tex.– McAllen).  In August 2005, Hinojosa entered a plea of guilty—without a plea agreement—to Count 31 of the indictment, which alleged that Hinojosa had committed the crime of money laundering by conducting a financial transaction with the proceeds of the charged conspiracy, specifically the writing of a check on a bank account on July 14, 1998, payable to one of the named victims of the conspiracy in the amount of $4,000.  On January 20, 2006, the District Court sentenced Hinojosa to 169 months imprisonment, followed by a three year term of supervised release and ordered restitution in the amount of $6,659,493.90.  *See* Docket #184 in Case No. 7:03-CR-01010.

On direct appeal, the Fifth Circuit affirmed Hinojosa's conviction but remanded the case to District Court for recalculation of the amount of restitution.  *See United States v. Hinojosa*, 484 F.3d 337 (5th Cir. 2007).  In light of the remand, on July 30, 2007, the District Court issued an Amended Judgment which reduced the amount of restitution from $6,659,493.90 to $3,559,493.90.  *See* Docket # 236 in Case No. 7:03-CR-01010.  Hinojosa did not file a direct appeal of the Amended Judgment.

On June 2, 2008, the Supreme Court issued its decision in *United States v. Santos*, 553 U.S. 507 (2008), holding that the money-laundering statute's, 18 U.S.C. § 1956(a)(1), term "proceeds" was ambiguous and as a result, in certain circumstances, must be read to mean "profits."  On June 30, 2008, Hinojosa's trial counsel, Assistant Federal Public Defender Philip Gallagher, sent a letter to Hinojosa advising him of the *Santos* decision and of his right to file a § 2255 motion.  *See* Gallagher Letter, Attachment 1 to Government's Response.  Hinojosa's counsel clarified that he was

no longer representing Hinojosa and would not be filing a § 2255 motion on his behalf, but informed him of the requirements and time limits for filing such a motion. *See Id.* On July 25, 2008, Hinojosa filed a "Notice to Court for a 2255 Petition to be Filed," in the Southern District informing the court that he was "pre-paring to file a 2255 petition for the purpose of an appeal" and noted that he would be relying on the *Santos* decision. See Docket # 256 in Case No. 7:03-CR-01010. Despite the notice, however, Hinojosa did not file a § 2255 Motion or any other motion raising the *Santos* argument.

Three years later, on June 20, 2011, Hinojosa filed the instant Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the Southern District of Texas, arguing that in light of the Supreme Court's holding in *Santos*, his conviction for money laundering under 18 U.S.C. § 1956(a)(1)(A)(I) should be overturned. See *Hinojosa v. Maye*, 1:11-CV-126 (S.D. Tex.)(Brownsville) (Docket # 1).[1] The District Court found that Hinojosa's claims were outside the proper scope of a § 2241 Petition since Hinojosa was attacking "errors that occurred at or prior to the sentencing." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). While a § 2241 Petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 if the petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of

---

[1] In addition to the instant § 2241 Petition, Hinojosa has filed a plethora of lawsuits in both the Southern District of Texas and the District of Columbia which have all been dismissed as either frivolous or without merit. *See e.g.*, *Hinojosa v. U.S. Attorney General, et al.*, 1:10-cv-2279-ESH (D.D.C.) (§ 1983 suit dismissed with prejudice); *Hinojosa v. Gonzales, et. al*, 1:07-cv-860-HHK (D.D.C.) (construing complaint as § 2255 motion and transferring case to Southern District where case was dismissed with prejudice in *Hinojosa v. Gonzales, et al.*, 7:08-cv-96 (S.D. Tex.) (McAllen); *Hinojosa v. Makuski, et al*, 7:08-cv-328 (S.D. Tex.) (McAllen) (§ 1983 case dismissed); *Hinojosa v. Alberto Bravo*, 1:04-cv-107 (S.D.Tex.) (Brownsville) (§ 2241 petition dismissed). In fact, the Southern District of Texas barred Hinojosa from filing "any future filings of any kind" or it would impose sanctions. *See* Preclusion Order in 1:11-mc-00021 (S.D. Tex.) (Brownsville).

his detention, only the *custodial court* has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255.  Because Hinojosa is incarcerated in Bastrop, Texas, in the Western District of Texas, the Southern District properly determined that the Western District of Texas was the appropriate court to entertain Hinojosa's Petition pursuant to § 2241 and to make the savings clause determination.  Accordingly, on November 9, 2011, the Southern District transferred the case to the Western District of Texas.  *See* Docket # 30 in 1:11-CV-126.  Thus, this Court must now determine whether Hinojosa's claims can be brought under the savings clause provision of § 2255.

## II.  ANALYSIS

A federal prisoner such as Hinojosa may bring a petition under § 2241 in his custodial court to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the "savings clause" of § 2255.  *Christopher v. Miles*, 342 F.3d 378, 381(5th Cir.), *cert. denied*, 540 U.S. 1085 (2003).   Section 2255's "savings clause" provision provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.  The burden falls on the petitioner to demonstrate that the § 2255 remedy is inadequate or ineffective.  *Christopher*, 342 F.3d at 382.  In addition, the Fifth Circuit has stressed that "§ 2241is not a mere substitute for § 2255 and that the inadequacy or inefficacy requirement is stringent."  *Reyes-Requena v. United States*, 243 F.3d 893, 901(5th Cir. 2001).

A petitioner seeking relief under the § 2255 savings clause must demonstrate three things: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court

decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *Id.*

Hinojosa indisputably satisfies the first requirement because the Fifth Circuit has held that *Santos* is a retroactively applicable Supreme Court decision. *See Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010). The Government has chosen to assume "[f]or purposes of argument," that Hinojosa has satisfied the second factor as well. *See* Government's Response at p. 6. However, the Government argues that Hinojosa has failed to meet the third requirement, contending that he has failed to show that his claim would have been foreclosed had he timely raised it in a § 2255 motion. Specifically, the Government points out that Hinojosa could have filed a § 2255 motion asserting a *Santos* claim at any time prior to June 2, 2009 (the deadline for filing a *Santos* claim as calculated under § 2255(f)(3))[2] but failed to do so. The Court agrees.

As detailed above, Hinojosa's attorney notified him on June 30, 2008, of the *Santos* decision and of his right to file a § 2255 motion. *See* Gallagher Letter, Attachment 1 to Government's Response. Although Hinojosa filed a "Notice to Court for a 2255 Petition to be Filed" on July 25, 2008, notifying the Court that he would be filing a § 2255 raising the *Santos* decision, he never filed such a motion or any other motion raising the *Santos* argument.

---

[2] In Hinojosa's case, the one-year limitations period for filing a § 2255 motion raising a *Santos* began to run on June 2, 2008 "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Thus, Hinojosa had until June 2, 2009, to file a *Santos* claim in a § 2255 motion. *See United States v. Williams*, 2010 WL 4747154 at * 1 (5th Cir. Nov. 23, 2010).

In his Reply, Hinojosa argues that he did not file a § 2255 Motion because he had already filed a Rule 60(b)(4) Motion in the District of Columbia which had been construed as a § 2255 Motion and thus he contends he could not raise the *Santos* claim before his previous § 2255 Motion was dismissed. See *Hinojosa v. Gonzales, et. al*, 1:07-cv-860-HHK (D.D.C.) (construing complaint as § 2255 motion and transferring case to Southern District of Texas). While it is true that Hinojosa did in fact file a Rule 60(b)(4) Motion which was construed as a § 2255 Motion, the Southern District dismissed his § 2255 Motion on July 28, 2008 and the Fifth Circuit dismissed his appeal on December 12, 2008. *See* Docket Nos. 16 and 19 in *Hinojosa v. Gonzales, et al.*, 7:08-cv-96 (S.D. Tex.) (McAllen). Thus, Hinojosa still had approximately six months after the first § 2255 Motion was dismissed to file a successive § 2255 Motion raising the *Santos* issue. The fact that his first § 2255 petition was dismissed does not make § 2255 relief inadequate. *See Braddy v. Fox*, 2012 WL 1759006 at * 1 (5th Cir. May 17, 2012) (finding that petitioner failed to meet savings clause where the *Santos* decision had been decided prior to the filing of his first § 2255 petition). See also, *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (prior unsuccessful § 2255 motion does not render § 2255 relief inadequate). Moreover, Hinojosa could have sought leave to amend his first § 2255 motion to raise the *Santos* claim during the one month period when he was aware of the decision and before his § 2255 was dismissed. *See McIntosh v. Tamez*, 2012 WL 1557342 * 2 (5th Cir. May 1, 2012) (finding that petitioner did not satisfy savings clause where he could have sought leave to amend his first § 2255 to add *Santos* claim, but failed to). In addition, Hinojosa could have sought leave to file a successive § 2255 motion rasing the *Santos* claim after his first § 2255 Motion was dismissed and before the deadline for filing such a motion expired. Based upon the foregoing, the Court finds that Hinojosa has failed to carry his burden and failed to establish the inadequacy or

ineffectiveness of a motion under § 2255 and his § 2241 petition should be dismissed. *See Braddy*, 2012 WL 1759006 at * 1.

Finally, the Court finds that equitable tolling of the one-year statute of limitations in § 2255 is not warranted in this case. In *Lawrence v. Florida*, 549 U.S. 327, 336 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. Hinojosa has not carried his burden to show that equitable tolling is warranted in this case and the Court in its discretion refuses to apply equitable tolling. See *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001).

## III. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DISMISS** Carlos Jorge Hinojosa's § 2241 Petition (Clerk's Doc. No. 1) for lack of jurisdiction.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. See *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 13th day of June, 2012.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE